IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| In the Matter of: ) | |
| ) | Case No. 21-01744-DSC7 |
| Vicki Britton, ) | |
|     Debtor. ) | Chapter 7 |
| ) | |
| ) | |

## MEMORANDUM OPINION

This matter came before the Court on January 10, 2024, regarding the Trustee and Debtor's Joint Motion to Approve Compromise and/or Settlement (doc. 71) (the "Motion"), the Response to the Motion filed by Creditor Wayne Wheeler (doc. 74), and the Amended Response to the Motion (doc. 78) also filed by Creditor Wayne Wheeler. Appearing at the hearing were Frederick M. Garfield as counsel for the Trustee, Wayne Wheeler, Barry Vickery, Keith Russell, and Ted Stuckenschneider as counsel for Kelvin Britton.

The Court has jurisdiction to hear this matter under 28 U.S.C. § 1334 and the General Order of Reference entered and amended by the United States District Court for the Northern District of Alabama. This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A) and (O).

Based on the filings, the arguments of counsel, and for the reasons set forth herein, the Court **FINDS** and **CONCLUDES** as follows:[1]

## FINDINGS OF FACT

The Debtor, Vicki Britton, filed for divorce from her husband, Kelvin Britton, in 2008. A few years later, Vicki hired M. Wayne Wheeler, Attorney ("Wheeler"), to represent her in domestic

---

[1] Pursuant to Rule 201 of the Federal Rules of Evidence, the Court may take judicial notice of the contents of its own files, and the Court does so in this case. *See IT Rayonier, Inc. v. U.S.*, 651 F.2d 343 (5th Cir. Unit B July 1981); *Florida v. Charley Toppino & Sons, Inc.*, 514 F.2d 700, 704 (5th Cir. 1975).

relations matters against Kelvin. With Wheeler's help, Vicki filed a contempt action in state court against Kelvin in 2014 for his failure to contribute to their daughter's college expenses, and other expenses, as required under the divorce decree. (Circuit Court of Jefferson County, Alabama, Bessemer Division, Case No. DR-2008-000603.01 (the "State Court Case")). Vicki succeeded, and the State Court found Kelvin guilty of civil contempt and ordered him to pay a total of $102,283 including a $10,000 attorney's fee award. (Doc. 65, Ex. 1 at 39-48.) On appeal, the Alabama Court of Civil Appeals affirmed the State Court judgment and awarded Vicki an additional $2,600 for attorney's fees. (*Id*. at 35.) As explained in Part II *infra*, three certificates of judgment were issued to Vicki for the amounts awarded in the litigation against Kelvin (collectively, the "Judgments").

For representing Vicki in her contempt action against Kelvin, Wheeler charged Vicki more than $128,000. (Doc. 12, Ex. A.) After 4 years of litigation and another 6 years of collection, Kelvin has paid approximately $17,462 toward the Judgments. (AP Doc. 47-1 at 3.)[2] Vicki has received $8,650 of the monies collected from Kelvin, and Wheeler has applied $8,812 of the collection receipts to his unpaid legal bills. (*Id.*)

Including the monies collected from Kelvin, Vicki is credited with paying an approximate total of $11,700 to Wheeler for his legal services. (Doc. 12, Ex. A.) However, she still owed him more than $116,500 when she filed this chapter 7 bankruptcy case on July 25, 2021. (*Id.*) Among the other creditors and significant debts listed on Vicki's bankruptcy schedules, Vicki listed Wheeler as a creditor with an unsecured claim of $150,000. According to Vicki's chapter 7 petition, she had no assets for a trustee to administer or distribute to her creditors. (Doc. 1.)

---

[2] The above-referenced citation is to *Wheeler v. Britton*, adversary proceeding no. 21-00041-DSC before this Court. References to the docket for that adversary proceeding are prefaced with the abbreviation "AP."

2

In response to Vicki's bankruptcy filing, Wheeler filed unsecured Claim No. 1 in Vicki's chapter 7 case for $128,241.49 in unpaid legal fees on October 5, 2021. On the same date, he also filed a complaint before this Court to deny Vicki's chapter 7 discharge under § 727(a)(2) of the Bankruptcy Code, alleging that Vicki had concealed property, namely her three Judgments against Kelvin, with intent to hinder, delay, or defraud Wheeler. (AP Doc. 1.) After a trial on the merits, this Court found that Wheeler did not prove the elements necessary for a finding of fraud and was unable to prove that Vicki's omission of the Judgments from her bankruptcy schedules showed a pattern of deception or a series of bad faith acts needed to deny her chapter 7 discharge. As a result, this Court denied Wheeler's complaint (AP doc. 56) and allowed Vicki's chapter 7 case to proceed. The Discharge Order entered by this Court in Vicki's chapter 7 case discharged all of Vicki's personal debts including the debt owed to Wheeler for unpaid legal fees. (Doc. 48.) Notwithstanding Vicki's discharge, the chapter 7 trustee, Thomas E. Reynolds ("Trustee"), has continued his efforts to collect the Judgments, and any other potential assets, to make a monetary distribution to all creditors who file claims in Vicki's chapter 7 case, including Wheeler.

The Trustee filed a Joint Motion to Approve Compromise and/or Settlement on December 4, 2023, and seeks this Court's approval of an agreement between the Trustee (on behalf of Vicki's bankruptcy estate), Kelvin, and Kelvin's current wife, Latara Bailey. (Doc. 71.) If approved, the settlement provides that Latara, on Kelvin's behalf, would pay the Trustee $30,000 for the benefit of Vicki's creditors, including Wheeler. As consideration for the payment, all three of Vicki's Judgment liens against Kelvin (doc. 65, Ex. 1) would be satisfied and released. The proposed $30,000 payment comes from financing that Latara has secured in her name; Kelvin cannot borrow funds because of his limited income.

Kelvin jointly owns a home with Latara in Northport, Alabama (the "Home"), which the Trustee believes is Kelvin's only significant asset. (Doc. 65, Ex. 1.) According to the Tuscaloosa County Tax Assessor, the Home is worth $344,000. (Doc. 65, Ex. 2 at 17-20.) However, Gatozzi Appraisals, Inc., appraised the house for $369,000. (Doc. 65, Ex. 2 at 1-16.) While the value of this property is disputed, the Trustee estimates that Kelvin's interest in the property is between $40,000 and $50,000. This estimation accounts for a $201,000 mortgage debt, Kelvin's homestead exemption, and the costs associated with any sale. According to the Trustee, realizing a greater amount for Kelvin's interest in the Home is uncertain, and would involve substantial time and costs incident to the property being jointly owned by Latara and Kelvin for several years.

Wheeler opposes this settlement, and he filed a Response, Objection, Motion for Evidentiary Hearing, and Notice of Offer on December 5, 2023. (Doc. 74.) His Response stated that he would offer $31,000 for Kelvin's interest in the Home, which is $1,000 more than Latara has agreed to pay the Trustee to settle the Judgments. Wheeler amended his Response seven days later (doc. 78) and made a higher offer – $35,000 to be paid by Keith Russell, a third party who has no apparent connection to this case. Both offers are for Kelvin's interest in his Home, which is *not* property of Vicki's bankruptcy estate; indeed, only the three outstanding Judgments *are* property of Vicki's bankruptcy estate. And those three Judgments are what the Trustee seeks to settle with the Defendant, Kelvin, through his wife, Latara. Any settlement funds received by the Trustee will benefit Vicki's bankruptcy estate and all creditors who file claims, including Wheeler. After proper notice, this Court held a hearing on the matters on January 10, 2024, and took the matters under advisement to prepare this ruling.

4

## CONCLUSIONS OF LAW

**Part I**

"Bankruptcy Rule 9019 authorizes a bankruptcy court to approve a settlement agreement between interested parties." *In re Ortiz*, 619 B.R. 273, 274 (Bankr. M.D. Fla. 2020). Although a settlement agreement must, at a minimum, be fair and "not fall below the lowest point in the range of reasonableness," the ultimate decision to approve a settlement lies within the sound discretion of the bankruptcy court. *Id.* at 274-75 (quoting *In re Martin*, 490 F.3d 1272, 1275-76 (11th Cir. 2007)). A bankruptcy court must "apprise itself of all necessary facts to make an intelligent evaluation and to make an independent judgment as to whether the settlement presented is fair and equitable." *Id.* at 275 (quoting *Romagosa v. Thomas*, No. 6:06-CV-301-ORL-19, 2006 WL 2085461, at *5 (M.D. Fla. July 25, 2006)).

In *In re Justice Oaks II, Ltd.*, the Eleventh Circuit established the following factors to determine the fairness and reasonableness of a proposed settlement:

> (a) The probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

*Id.* (quoting *Wallis v. Justice Oaks II, Ltd.* (*In re Justice Oaks II, Ltd.*), 898 F.2d 1544 (11th Cir. 1990), cert. denied sub nom. *Wallis v. Justice Oaks II, Ltd.*, 498 U.S. 959 (1990)).

The Trustee bears the burden of establishing that the compromise is fair and equitable. *Id.* While the Court does not have to conduct a "mini-trial" on the merits of the underlying litigation, "[a]pproval of a compromise under Bankruptcy Rule 9019 requires more than just a 'rubber-stamping' of an agreement." *Id.* (quoting *In re Kay*, 223 B.R. 816, 819 (Bankr. M.D. Fla. 1998)). Courts may also consider the "general policy of encouraging settlements and favoring

5

compromises to reduce the costs of litigation." *Id.* (citing *In re Soderstrom*, 477 B.R. 249, 254 (Bankr. M.D. Fla. 2012)).

In evaluating the Trustee's proposed compromise, "the court's role is to ensure that the trustee has exercised proper business judgment in making the decision to agree to the proposed settlement." *Id.* (quoting *In re Ballou*, 3:10-bk-2735-PMG, 2011 WL 4530314, at *5 (Bankr. M.D. Fla. Sept. 13, 2011)). Courts give trustees considerable deference to exercise their business judgment with respect to settlements. *Id.* The Trustee's business judgment, however, is not without limits. *Id.* "There must be at least some rational business purpose to support the disinterested trustee's decision." *Id.* (quoting *In re Engman*, 331 B.R. 277, 300 (Bankr. W.D. Mich. 2005)).

The proposed settlement in this case concerns the Judgments Vicki secured against Kelvin in 2018 for more than $102,000 in domestic support obligations and related attorney's fees. After Vicki filed bankruptcy in July 2021, the right to recover the Judgments transferred to the Trustee of Vicki's chapter 7 bankruptcy estate. The settlement proposes that Kelvin's current wife, Latara, will pay $30,000 to the Trustee in satisfaction of the Judgments against Kelvin.

The Judgments were recorded and became liens on any property Kelvin owns. However, according to the Trustee, Kelvin's only significant asset is the undivided one-half interest he holds in the Home he owns jointly with his current wife, Latara. The value of that interest, therefore, represents the maximum amount the Trustee can realistically recover from Kelvin in satisfaction of the outstanding Judgments, and to make a monetary distribution to all creditors who file claims in Vicki's bankruptcy case, including Wheeler.

The value of the Home is disputed, with Gatozzi appraising the Home for $25,000 more than the Tax Assessor says it is worth. As of the bankruptcy petition filing date, the mortgage on the property is $201,000. The Trustee has estimated that, after accounting for the mortgage debt,

Kelvin's homestead exemption under Alabama law, and the costs of any potential sale, Kelvin's one-half interest in the Home is valued between $40,000 and $50,000. It is the Trustee's opinion that any greater value is uncertain and would require the bankruptcy estate to incur substantial cost to execute on the property, file a Bill for Sale and Division in state court, and remove Kelvin and Latara from their Home. The Trustee submits this process would be laborious, time-consuming, and expensive, and therefore may not result in a substantially greater recovery for creditors in this chapter 7 case.

For these reasons, it is the Trustee's business judgment that the $30,000 offer from Latara in satisfaction of the Judgments against Kelvin is fair, equitable, and reasonable. This Court agrees. Based on the Trustee's experience in thousands of cases over his 40-year tenure as a panel trustee in this District, Mr. Reynolds has weighed the substantial administrative cost associated with the potential sale of Kelvin's Home against the prospect of recovering more than the $30,000 offered. The Trustee has concluded, after a reasonable investigation of all potential assets, that the settlement is in the best interests of this chapter 7 bankruptcy estate and its creditors. The Court finds the Trustee's approach to be practical and a proper exercise of his fiduciary duty.

Wheeler argues that the proposed settlement should not be approved because the Trustee has failed to (1) fulfill his "affirmative duty to secure the highest and best offer for the benefit of the creditors" and (2) consider Keith Russell's offer to buy Kelvin's one-half interest in the Home on Wheeler's behalf for $35,000. (Doc. 74, ¶¶ 9-10.) This Court disagrees.

First, while the Trustee does owe a fiduciary duty to act fairly and protect the interests of both the debtor and creditors, this duty does not require "pressing onward [if it] might produce more funds." *See In re Dennett*, 449 B.R. 139, 144 (Bankr. D. Utah 2011). Second, Wheeler's arrangement with Keith Russell to offer $35,000 to purchase Kelvin's one-half interest in the Home

7

Case 21-01744-DSC7    Doc 81    Filed 03/01/24    Entered 03/01/24 15:46:45    Desc Main
Document      Page 7 of 13

mischaracterizes the terms of the proposed settlement. According to the record in this case, Wheeler has no direct claim against Kelvin. The Judgments are in Vicki's name as Plaintiff, and the right to recover from Kelvin, the Defendant, now belongs exclusively to Mr. Reynolds as Trustee of Vicki's bankruptcy estate. Wheeler has a claim against Vicki for unpaid legal fees, which gives him the rights of an unsecured creditor in Vicki's chapter 7 case, and only those rights. Like the other unsecured creditors in this case, Wheeler's recourse consists of filing a proof of claim, which he has already done, to be administered with the other general unsecured claims for a monetary distribution from the assets collected by the Trustee.

For these reasons, Wheeler's objection to the proposed settlement and his counteroffers are unpersuasive. Kelvin's Home is *not* part of Vicki's bankruptcy estate and Vicki has no ownership interest in that Home. The Home is only relevant to this chapter 7 case because the projected value of Kelvin's one-half interest represents the maximum amount of money the Trustee believes he can recover from Kelvin for the benefit of the bankruptcy estate. In his Response to the Trustee's Joint Motion to Approve Compromise and/or Settlement (doc. 71), Wheeler mischaracterizes Latara's offer as an offer to buy Kelvin's one-half interest in their Home rather than an offer to satisfy the Judgments against Kelvin. (Doc. 74, ¶ 11.) Therefore, Wheeler's last counteroffer for Keith Russell to buy Kelvin's one-half interest in the Home for $35,000 is not relevant to this Court's analysis of whether the settlement proposed by the Trustee is fair and reasonable. (Doc. 78.)

Additional facts support the proposed settlement. First, Wheeler is the only party in interest that opposes the settlement. *See In re Kay*, 223 B.R. at 820 (finding the creditors' majority support of the proposed settlement as a factor weighing in favor of approving the settlement). Second, while it is easy to understand Wheeler's frustration with the discharge of his unpaid legal bill of

8

more than $116,500, Wheeler has been largely unsuccessful in collecting legal fees from Vicki or domestic support from Kelvin during the six years since the Judgments were entered. This further supports the Trustee's contention that litigation with Kelvin and Latara would be costly and time-consuming, without a likelihood of better results. Finally, after proper notice and a hearing on January 10, 2024, Wheeler has presented no evidence to show that the settlement proposed by the Trustee is unfair, unreasonable, or lacking a rational business purpose.

The Court is not persuaded by Wheeler's arguments, and the undersigned is not willing to substitute Wheeler's business judgment for that of the Trustee in determining what is best for all unsecured creditors in this chapter 7 case.

**Part II**

During the last two years of this chapter 7 case, acrimony has escalated among the parties regarding a question ancillary to the settlement proposed by the Trustee: who owns the judgments for attorney's fees ($10,000 and $2,600)? Is it the Debtor, Vicki Britton, or her former attorney, Wayne Wheeler? Based on actions taken before and during this bankruptcy case, the Court is compelled to answer this question for the benefit of all concerned, and for the avoidance of any doubt about this Court's decision; namely, that the aforementioned attorney's fee awards belong to Vicki and are part of her bankruptcy estate, and they provide no basis, therefore, for the premise that Wheeler has anything other than an unsecured proof of claim for unpaid attorney's fees.

*Certificates of Judgment*

In 2014, Vicki filed a civil contempt suit against her ex-husband, Kelvin, before the State Court to enforce his contribution toward their daughter's college expenses. Vicki prevailed and Kelvin was found guilty of civil contempt. Consequently, Kelvin was ordered to pay Vicki for

college expenses and other unfulfilled obligations under the divorce decree that constituted additional items of contempt. Because the State Court found Kelvin in civil contempt for "purposefully and intentionally" prolonging the litigation, Vicki was also awarded a $10,000 attorney's fee. (Doc. 65, Ex. 1, March 5, 2018, Final Order at ¶ 29.) In all, Kelvin was ordered by the State Court to pay Vicki $102,283.

After entry of the State Court judge's final order in 2018, the State Court clerk entered two certificates of judgment—one for $102,283 and another for $10,000. However, a review of the State Court judge's order proves that the $102,283 and $10,000 amounts are not separate. Rather, the 102,283 judgment includes the $10,000 award for attorney's fees; therefore, entry of a separate certificate of judgment for $10,000 was duplicative and unnecessary.[3]

*Ownership of the $10,000 Attorney's Fee Award*

Under Alabama law, the $10,000 attorney's fee, which is included in the broader judgment for $102,283, was clearly awarded to Vicki as Plaintiff, despite the final order instructing Kelvin to pay the fee directly to Wheeler on Vicki's behalf. "An award of attorney's fees belongs to the client and not the attorney." *Glass v. Hinde*, 504 So. 2d 316, 318 (Ala. Civ. App. 1987). The client may, however, "properly make an assignment of the award to the attorney, which would allow the attorney to bring the collection effort in his or her own name." Rick Fernambucq & Gary Pate, *Family Law in Alabama: Practice and Procedure* 12-17 (4th ed. 2009). Nothing in the case record

---

[3] Language in the final order specifically references the $10,000 attorney's fee award as a "judgment . . . to be paid directly to Plaintiff's attorney M. Wayne Wheeler." (Doc. 65, Ex. 1, March 5, 2018, Final Order at ¶ 31.) Notwithstanding, this Court concludes that the entry of a separate certificate of judgment for $10,000 was duplicative and unnecessary because the awarded amounts equal $102,283 *only if* the $10,000 attorney's fee award is included in the total. (*Id.*) In other words, the specific awards ($85,783 for college expenses + $3,500 for life insurance + $3,000 for medical expenses) don't add up to $102,283 without including the $10,000 attorney's fee in the calculation. (*Id.* at ¶¶ 10, 19, 24, 31.)

indicates Wheeler obtained a proper assignment or transfer of the $10,000 award from Vicki. Therefore, the $10,000 award for attorney's fees, which is included in $102,283 judgment, belongs to Vicki. Further, according to the documents Wheeler submitted at trial, Kelvin has already paid Wheeler $8,812 of the $10,000 fee. (AP Doc. 47-1 at 3.) Kelvin's failure to satisfy the final $1,188 due does not change the fact that the State Court judge awarded the fee to Vicki.

Interestingly, the State Court clerk amended the $10,000 certificate of judgment on April 30, 2023, to add language stating the judgment was "in favor of attorney for attorney fees." (Doc. 65, Ex. 1 at 38.) Twelve days later, this amended certificate was recorded in the Probate Court of Tuscaloosa County, Alabama. (*Id*.) According to the record in this chapter 7 case, the amendment was initiated after then-special counsel Barry Vickery confronted Wheeler about the ownership of the $10,000 judgment. (Doc. 54 at 2.) Whether it was Wheeler, or Mr. Vickery on Wheeler's behalf, who sought to amend the certificate of judgment, this action was clearly an attempt to change the ownership of the judgment from Vicki to Wheeler.

However, when the language of the certificate of judgment was changed, Vicki's chapter 7 case was pending, and this Bankruptcy Court had already entered a Discharge Order for Vicki (doc. 48). Accordingly, the attempt to change ownership of the judgment from Vicki to Wheeler was not and cannot be effectuated due to the discharge injunction, and the amended certificate of judgment (doc. 65, Ex. 1 at 38) is void. Further, the actions by or for Wheeler could be construed as an act to collect or recover a debt from Vicki in willful violation of the discharge injunction. 11 U.S.C. § 524(a)(2).

11

Case 21-01744-DSC7    Doc 81    Filed 03/01/24    Entered 03/01/24 15:46:45    Desc Main
Document    Page 11 of 13

*Ownership of the $2,600 Attorney's Fee Award*

For the reasons stated above, the judgment for $2,600 in attorney's fees issued by the State of Alabama Court of Civil Appeals belongs to Vicki. *See Glass*, 504 So. 2d at 318; Fernambucq & Pate, *supra*, at 12-17.

In summary, all three Judgments are owned by Vicki, not Wheeler. Because Wheeler did not obtain a proper assignment or transfer of any judgment amount from Vicki, he never established an independent cause of action against Kelvin and is left only with his unsecured claim for unpaid attorney's fees in Vicki's chapter 7 bankruptcy case. The certificate of judgment (doc. 65, Ex. 1 at 38) that was amended and entered by the State Court clerk on April 30, 2023, is void. All other liability owed by Vicki to Wheeler was discharged on December 14, 2022. (Doc. 48.)

## **CONCLUSION**

The fact that Wheeler, who represented the Debtor for many years, still has more than $116,500 in outstanding legal fees is regrettable. But this unfortunate circumstance bears no relevance to the Court's assessment of the reasonableness of the settlement of estate property proposed by the Trustee, even where that property includes judgments embedded with attorney's fee awards. As disappointing as this situation is for Mr. Wheeler, an unpaid attorney is not insulated from the realities of a client who files bankruptcy. In short, an attorney with an unsecured claim for unpaid legal fees is disappointing, but not determinative. Accordingly, and for the reasons set forth herein, the Trustee and Debtor's Joint Motion to Approve Compromise and/or Settlement (doc. 71) is GRANTED, and the proposed settlement is APPROVED. Wheeler's Objection is

12

Case 21-01744-DSC7    Doc 81    Filed 03/01/24    Entered 03/01/24 15:46:45    Desc Main
Document      Page 12 of 13

OVERRULED, and his Motion is DENIED as moot. (Docs. 74, 78.) The Court will enter a separate Order consistent with this Memorandum Opinion.

Dated: March 1, 2024

/s/ D. Sims Crawford
D. SIMS CRAWFORD
United States Bankruptcy Judge